IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY EVELYN BAZIL,

        Plaintiff,                        No. CIV 2:11-cv-1152-JAM-JFM (PS)

    vs.

DEUTSCHE BANK NAT'L TRUST
CO. *et al.*,

        Defendants.                  FINDINGS & RECOMMENDATIONS

_____/

        On April 29, 2011, plaintiff Mary Evelyn Bazil, proceeding pro se, filed the instant action against various defendants regarding property located at 8965 Risley Court, Granite Bay, California 95746 ("the Property"). Pending before the court is plaintiff's second ex parte application for a temporary restraining order ("TRO"). Plaintiff's first ex parte request was denied without prejudice on August 12, 2011 for failure to comply with Local Rule 231. Upon review of the request and the file in this action, THE COURT FINDS AS FOLLOWS:

STANDARD

        The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction and requires that the party seeking relief show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party." Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc., 2006 WL 5003362, *1 (S.D. Cal. Jan. 26, 2006) (citing Immigrant Assistance Project of the L.A. County

1

of Fed'n of Labor v. INS, 306 F.3d 842, 873 (9th Cir. 2002)). "[T]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc., 448 F.3d 1118, 1123 (9th Cir. 2006) (citations omitted). The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held. Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974); see also Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130-31 (9th Cir. 2006).

Federal Rule of Civil Procedure 65(b) provides that a court may issue a TRO without notice to the adverse party in limited circumstances where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant...." Fed. R. Civ. P. 65(b)(1)(A). The movant must also certify in writing any efforts made to give notice and the reasons why it should not be required. Fed. R. Civ. P. 65(b)(1)(B). Although the restrictions imposed are stringent, they "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. at 438–39.

## DISCUSSION

Plaintiff seeks a temporary restraining order preventing defendants from evicting her from her home but fails to satisfy the requirements necessary to obtain a TRO. As an initial matter, plaintiff has not certified in writing any efforts made to put defendants on notice of her ex parte motion for a TRO, nor has she offered any reason why notice should not be required as required by Federal Rule of Civil Procedure 65(b)(1)(B). Courts have recognized very few circumstances justifying the issuance of a TRO without notice, particularly where notice could have been given to the adverse party. Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).

In addition, although plaintiff asserts that she is likely to succeed on her claims against defendants, the court is not persuaded plaintiff is likely to prevail. For example, plaintiff argues at length that none of the named defendants possessed any right to initiate non-judicial foreclosure proceedings against the Property because none are the holder of the promissory note. There is no requirement, however, that the party initiating foreclosure be in possession of the original note. See, e.g., Nool v. HomeQ Servicing, 2009 WL 2905745 (Sep. 4 2009) ("There is no requirement that the party initiating foreclosure be in possession of the original note."); Candelo v. NDEX West, LLC, 2008 WL 5382259, at *4 (E.D. Cal. Dec. 23, 2008) ("No requirement exists under statutory framework to produce the original note to initiate non-judicial foreclosure."); Putkkuri v. ReconTrust Co., 2009 WL 32567, *2 (S.D. Cal. Jan.5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure."); see also Phillips v. MERS Mortgage Electronic Registration Systems, 2009 WL 3233865, *9 (E.D. Cal. 2009); Vargas v. Reconstruction Co., 2008 U.S. Dist. LEXIS 100115, at *8-9 (E.D. Cal. Dec. 1, 2008).

Plaintiff also seeks rescission under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* Plaintiff argues that defendants violated TILA in a multitude of ways, including failing to provide required disclosures, failing to timely delivery certain notices and placing terms prohibited by statute into the transaction. Compl. at 19. However, plaintiff avers that her home was sold at a trustee's sale on December 15, 2010. This trustee's sale appears to defeat plaintiff's right to rescission under TILA, since 15 U.S.C. § 1635(f) states in pertinent part that "an obligor's right of rescission shall expire ... upon the sale of the property . . . ."

Accordingly, because plaintiff has failed to show she is likely to succeed on the merits, a TRO is not warranted. See Gerth v. Am. Mortg. Express Fin., 2009 WL 3762085 (S.D. Cal. Nov. 6, 2009). Although the loss of one's home may constitute irreparable harm, in the absence of a likelihood of success on the merits, loss of property alone is not sufficient to obtain a TRO. See Eshraghi v. Cal. Bank & Trust Corp., 2011 U.S. Dist. LEXIS 121141 (S.D. Cal. Oct.

18, 2011). Here, defendants foreclosed upon plaintiff's property and now seek to evict her. While the court is sympathetic to plaintiff's circumstances, the pending motion for a TRO does not establish that plaintiff is entitled to injunctive relief.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's ex parte request for temporary restraining order be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir.1991).

DATED: February 22, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;bazi1152.tro(2)